OPINION
[¶ 1] Defendants-appellants, Nationswaste, Inc. ("Nationswaste") and Dennis Barwick (Barwick), appeal from the decision of the Mahoning County Court of Common Pleas entering summary judgment against them and in favor of plaintiff-appellee, Anil Nalluri, M.D., and denying their motion to dismiss Barwick.
[¶ 2] Barwick is the president and chief operating officer of Nationswaste, an Ohio corporation engaged in the waste hauling business. Barwick became acquainted with appellee through his former employment at American Waste. After Barwick started Nationswaste, appellee contacted him and expressed an interest in investing in Nationswaste and loaning some money to the company. (Barwick Depo. 22). On or about November 2, 1998, appellee delivered a check for $50,000 to Barwick. The check was made payable to Nationswaste. (Plaintiff's Exhibit 1). Barwick deposited the $50,000 into Nationswaste's account at National City Bank. (Barwick Depo. 23). Appellee subsequently requested the return of his $50,000. (Barwick Depo. 49). Nationswaste was unable to satisfy appellee's demand. Therefore, on September 26, 2000, appellee filed a complaint against appellants alleging fraud/misrepresentation and breach of contract.
[¶ 3] On July 17, 2002, appellee filed a motion for partial summary judgment on its breach of contract claim. On October 16, 2001, Barwick filed a motion to have himself dismissed from the action. The trial court granted appellee's motion for partial summary judgment with respect to the breach of contract claim, granting appellee judgment against appellants in the amount of $50,000 plus interest, on October 23, 2001. It appears as though the trial court never ruled on Barwick's motion to dismiss; however, we can infer the court denied such motion since it granted summary judgment against both Nationswaste and Barwick. Appellants filed their timely notice of appeal on November 6, 2001 from the order granting summary judgment.
[¶ 4] Appellants do not dispute that Nationswaste owes appellee the $50,000.00. Thus, their arguments in this appeal apply only to Barwick.
[¶ 5] Appellants raise two assignments of error, the first of which states:
 [¶ 6] "THE TRIAL COURT ERRED IN GRANTING APPELLEE PARTIAL SUMMARY JUDGMENT ON HIS BREACH OF CONTRACT CLAIM."
 [¶ 7] Appellants argue that the trial court erred in granting summary judgment against Barwick because he cannot be held personally liable on Nationswaste's obligations. Appellee contends that Barwick admitted at his deposition that he personally owed appellee the $50,000. Additionally, appellee asserts that if Barwick is not personally liable for the debt, then he may pierce the corporate veil to hold Barwick liable for using the corporate entity as a shield for fraudulent purposes.
[¶ 8] The Ohio Supreme Court set out the standard for considering motions for summary judgment in Dresher v. Burt (1996), 75 Ohio St.3d 280. The court stated:
 [¶ 9] "[W]e hold that a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence
[emphasis sic.] of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Id. at 293.
 [¶ 10] Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. State ex rel. Parsons v. Flemming (1994),68 Ohio St.3d 509, 511. A "material fact" depends on the substantive law of the claim being litigated. Hoyt, Inc. v. Gordon Assoc., Inc.
(1995), 104 Ohio App.3d 598, 603. When reviewing a summary judgment case, appellate courts are to apply a de novo standard of review. Colev. American Indus. and Resources Corp. (1998), 128 Ohio App.3d 546, 552.
[¶ 11] To prove a claim for breach of contract, the plaintiff must establish: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff. Doner v. Snapp (1994), 98 Ohio App.3d 597,600.
[¶ 12] A corporation acts only through its agents and employees. A B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. Constr.Trades Council (1995), 73 Ohio St.3d 1, 17. Generally, a corporate officer is not personally liable on contracts for which his corporation is liable. Britton v. Smythe, Cramer Co. (2000), 139 Ohio App.3d 337,352. The corporate officer must clearly identify the capacity in which he is acting in a specific transaction or he may be exposed to individual liability on the transaction. Hommel v. Micco (1991), 76 Ohio App.3d 690,697. "An agent who acts for a disclosed principal and who acts within the scope of his authority and in the name of the principal is ordinarily not liable on the contracts he makes." James G. Smith Associates, Inc.v. Everett (1981), 1 Ohio App.3d 118, paragraph one of the syllabus.
[¶ 13] In the present case, the trial court found that, at his deposition, Barwick admitted that he owed appellee the $50,000. Thus, we must determine if a genuine issue of material facts exists as to what capacity Barwick acted in, his personal capacity or his corporate capacity, when he accepted the $50,000 from appellee.
[¶ 14] At his deposition, Barwick stated the following:
 [¶ 15] "A * * * But I, again, I still, I still owe Dr. Nalluri the $50,000.00. That is, that is something I won't deny. I believe he gave it to me in, with — and I won't deny that that money is owed to him and should be going back to him.
 [¶ 16] "Q Well, do you have any present intentions of paying it back?
 [¶ 17] "A I do.
[¶ 18] "Q When?
 [¶ 19] "A I would begin to pay him back right away. And I have even conferred with my counsel here. But this is —" (Barwick Depo. 49).
 [¶ 20] After this statement, the parties ended the deposition to explore settlement possibilities.
[¶ 21] Although reading the above testimony leads one to believe that appellee provided the money to Barwick in Barwick's personal capacity, when we examine the rest of the evidence in the light most favorable to appellants it is clear that a genuine issue of material fact exists. Several pieces of evidence lead us to this conclusion. First, Barwick is the president of Nationswaste. (Barwick Depo. 18). According to Barwick, appellee "wanted to put some money into the company [Nationswaste] and loan some money to the company." (Barwick Depo. 22). Appellee's check for $50,000.00 was made out to "NATIONS WASTE, INC." and was signed by appellee. (Plaintiff's Exh. 1). The check's memo line stated, "limited partnership investment." (Plaintiff's Exh. 1). Thus, appellee knew he was dealing with Barwick in his capacity as an agent for Nationswaste. Second, Barwick incorporated Nationswaste in August of 1998. (Barwick Depo. 13). The check was dated November 2, 1998 and Barwick deposited it on November 4, 1998. (Plaintiff's Exh. 1). Thus, Nationswaste was an existing corporation when appellee wrote the check. Finally, Barwick deposited the $50,000.00 into Nationswaste's account at National City Bank, not a personal account, as is evidenced by the bank deposit stamp on the back of the check. (Plaintiff's Exh. 1). Hence, the money was to be used for Nationswate's expenses.
[¶ 22] Construing the above evidence in the light most favorable to appellants, a genuine issue of material fact exists as to whether Barwick was referring to himself individually or as Nationswaste's president when he stated that he still owed appellee the $50,000.00. Thus, a question of fact surrounds whether appellee met the third element required to prove a breach of contract, a breach by the defendant Barwick.
[¶ 23] Appellee argues that if we find that Barwick's reference to "I" and "me" were actually references to Nationswaste, then Barwick is subject to personal liability by way of piercing the corporate veil. Such a claim goes to appellee's fraud/misrepresentation cause of action. Normally, shareholders, officers, and directors are not liable for the debts of a corporation. Belvedere Condominium Unit Owners' Assn. v. R.E.Roark Cos., Inc. (1993), 67 Ohio St.3d 274, 287. However, an exception exists to protect creditors of a corporation from shareholders who use the corporate entity for criminal or fraudulent purposes. Id. The existence of fraud or an illegal act is a necessary element to pierce the corporate veil. Id. at 289. Appellee only moved for, and the trial court only granted summary judgment for appellee on his breach of contract claim. Thus, this argument is not properly before this court.
[¶ 24] Accordingly, appellants' first assignment of error has merit.
[¶ 25] Appellant's second assignment of error states:
 [¶ 26] "THE TRIAL COURT ERRED IN OVERRULING DENNIS BARWICK'S MOTION TO DISMISS."
 [¶ 27] Based on the merit of appellants' first assignment of error, we need not address their second assignment of error.
[¶ 28] Accordingly, based upon the merit of appellants' first assignment of error, the decision of the trial court is hereby reversed and remanded as to Barwick and affirmed as to Nationswaste.
Vukovich and Waite, JJ., concur.